

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

November 25, 2013

By Hand and ECF

The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  United States v. Kushtrim Abazaga
            Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for December 3, 2013.  By letter dated October 21, 2013, the defendant requests a sentence below the advisory Sentencing Guidelines range.  For the reasons set forth below, the government respectfully requests that the Court deny the defendant's request and sentence him within the advisory Sentencing Guidelines range of 37 to 46 months' imprisonment.

I.      <u>Background</u>

      In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶¶ 4-6).

      During the course of the conspiracy, beginning in approximately 2008, the defendant was a worker for the Berisha/Cekaj/Mehmeti drug trafficking group within the overarching conspiracy.  (PSR ¶ 46).  Specifically, the defendant picked up and dropped off marijuana, and acted as a collection agent for the group.  <u>Id</u>.  Apart from his work for the Berisha group, the defendant had his own distribution customers.  <u>Id</u>.  The defendant and Bajram Lajqi partnered on at least one marijuana importation shipment from Canada.  <u>Id</u>.  They were late

in paying for the shipment; this led to the shooting incident in which Lajqi shot the defendant in the thighs. Notably, the defendant refused to cooperate with law enforcement in the investigation of this shooting, and in fact falsely told investigating officers that he did not know who shot him. In total, the defendant is responsible for distributing at least 400 kilograms of marijuana. Id.

On July 13, 2011, a grand jury in the Eastern District of New York returned an eleven-count superseding indictment charging the defendant, among numerous others, in relation to a large-scale narcotics trafficking conspiracy. The defendant, in particular, was charged with three counts, including marijuana importation conspiracy, in violation of Title 21, United States Code, Section 963, conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii), and use of a firearm during and in relation to drug trafficking, in violation of Title 18, United States Code, Section 924(c).

On May 13, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). (PSR ¶ 1).

II.  Discussion

   A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented."  Id. at 49-50 (citation and footnote omitted).

    B.    The Advisory Guidelines Range Is 37 to 46 Months

The Probation Department has determined that the adjusted offense level is 23, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 46 to 57 months.  (PSR ¶ 152).  The government supports a further two-point reduction for global disposition pursuant to Policy Statement 5K2.0.  Including this reduction, the resulting advisory Guidelines sentencing range is 37 to 46 months. Id. at ¶ 164.

    C.    A Sentence Within the Guidelines Range Is Appropriate in This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

In the defendant's letter dated October 21, 2013, he moves for a sentence below the advisory Guidelines range of 46 to 57 months' incarceration, due to his family circumstances and difficult childhood.  First, while the defendant's family health circumstances are unfortunate, he has two adult siblings who live in the United States and are capable of providing economic and emotional support to his parents.  Second, the defendant's childhood circumstances are no different than those suffered by his siblings who, by all accounts, appear to be productive, law-abiding adults.  Thus, the defendant's family circumstances and difficult childhood are not bases for a below-Guidelines sentence under § 3553(a).

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.  18 U.S.C. § 3553(a)(2)(A).  As the defendant acknowledges in his submission, the offense of conviction -- conspiring to

distribute over 400 kilograms of marijuana -- is a serious crime.  Such a serious crime merits serious punishment.  Notably, this is not the defendant's first offense.  He was convicted of Driving While Impaired in connection with the defendant's conduct in making threatening gestures to the victim who was eventually struck by the defendant's vehicle after he drunkenly drove on a sidewalk.  Thus, a term of imprisonment within the advisory Guidelines range is necessary in order to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(B) & (c).  "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010).  Both considerations support the imposition of a serious term of imprisonment in this case.  In this case, specific deterrence is of particular concern given the fact that the defendant was in his late twenties and early thirties during the instant offense.  A sentence within the advisory Guidelines range is therefore necessary to deter the defendant from committing further crimes and to deter others who are in a position to choose between a law-abiding life and a life of crime.

IV.  Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a).  Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court

should impose a sentence within the advisory Guidelines range of 37 to 46 months.

                            Respectfully submitted,

                            LORETTA E. LYNCH
                            United States Attorney
                            Eastern District of New York

                  By:    /s/
                            Steven L. Tiscione
                            Gina M. Parlovecchio
                            Assistant U.S. Attorney
                            (718) 254-6317/6228

cc:   Jaime L. Turton, U.S. Probation Officer (by E-mail)
      Lawrence Herzog, Esq. (by ECF)
      Clerk of Court (DLI) (by ECF)