LAW OFFICES
LAWRENCE D. GERZOG
THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2707
NEW YORK, NEW YORK 10279

TELEPHONE (212) 486-3003
FACSIMILE (212) 732-8486

November 25, 2013

Honorable Dora L. Irizarry
U.S. District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     United States v. Kushtrim Abazaga,
        Criminal Docket No. 11-486 (DLI)

Dear Judge Irizarry:

This letter is written in response to the Government's sentencing submission filed November 25, 2013, eight days before defendant is scheduled to be sentenced and 35 days after defendant submitted his own sentencing submission. The Government's submission requires response in three areas. First, the Government says that Mr. Abazaga is "responsible for distributing 400 kilograms of marijuana." If by that the Government means that Mr. Abazaga has responsibility for this amount under a Pinkerton theory, they are correct.

To the extent the Government is suggesting that Mr. Abazaga personally handled 400 kilograms of marijuana, there is absolutely no evidence that he handled anything even close to this amount.

Second, the Government criticizes Mr. Abazaga for not cooperating with the Government in identifying the person(s) involved in shooting him. Assuming for argument's sake that Mr. Abazaga had been able to make identifications, it would hardly be the first time - and hardly be without explanation - that a shooting victim would think it best not to cooperate against people who attempted to murder him in cold blood in front of scores of witnesses, especially when such victim lives with his parents and siblings and might put them at risk by doing so.

Finally, and most disappointingly, the Government dismisses the trauma that Mr. Abazaga suffered in Kosovo, the scene of one of the most horrific incidents of genocide since the Holocaust, by saying that others suffered from the same atrocities.

Hon. Dora L. Irizarry
November 25, 2013
Page Two

The Government's tone is much different than that taken by them in April of this year.
When presented with the same facts in a letter by defense counsel in April of this year, the
Government replied by email that"[y]our letter makes a compelling case for a lower sentence.
But it is better directed at convincing the judge to impose a non-Guidelines sentence, as it does
not change the facts of the offense such that the Guidelines differ.   * * *  You are free to raise all
of these arguments at sentencing, of course, as the [plea] agreement does not preclude you from
making such arguments.  If they are compelling enough, we might not even oppose a request for
a non-Guideline sentence on the basis of the mitigating factors you identified."

Respectfully yours,

Lawrence D. Gerzog

cc.: Gina Parlovecchio, Esq. (Via email)